■ In the Matter of Florence Goff, on Behalf of Herself and All Others Similarly Situated, Respondent, v Whitehall Central School District et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered July 3, 1979 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Education of the Whitehall Central School District. On or about August 8, 1977, a collective bargaining agree-

ment for the term of July 1, 1977 through June 30, 1980 was entered into between the Whitehall Central School District and the Whitehall Central School District Unit of the Washington County Chapter of the Civil Service Employees' Association, Inc. Petitioner, in this proceeding, represents a class consisting of part-time bus drivers and cafeteria employees of the school district in a dispute involving the interpretation of article 16 and article 17 of the collective bargaining agreement. Article 16 provides as follows: "Part time bus drivers are assured of payment for one hundred eighty (180) days, which includes the agreed upon paid holidays. Such payment is based on the normal operations of the school. If the schools are closed for health reasons, catastrophies, inadequate water supplies or any other unusual reason, the one hundred eighty (180) days will be reduced by the number of days the schools are so closed. 'Snow days' will be included in the one hundred eighty (180) days. Any days worked beyond the one hundred eighty (180) days mentioned above will be paid on a per diem basis in June of each year." Article 17, relating to cafeteria workers, contains the same language, except the number of days is set at 170 days. In the 1977-1978 academic year, the following five days were declared "snow days": December 9, 1977, January 18, 1978, January 26, 1978, February 7, 1978, February 8, 1978. During this academic year, all the members of the class worked at least 180 or 170 days, whichever was applicable to the particular member. The school district refused to include the five "snow days" in the calculation of the 170 or 180 days, thereby reducing the number of days for which the members of the class would be paid on a per diem basis in the month of June, 1978. A grievance was then filed with the school district pursuant to the grievance procedure in the collective bargaining agreement. This grievance was denied by the superintendent of schools on September 15, 1978. This decision was appealed to the board of education, which affirmed the denial by resolution dated November 14, 1978, stating: "It is the opinion of the Board that the quoted provisions of the current Agreement were intended to guarantee payment to the employees involved in this grievance for a minimum of 180 days (or 170 days, as the case may be) under 'normal operations of the school'. In certain circumstances, that guaranteed minimum number of days is to be reduced—e.g. when the schools are closed for health reasons, catastrophies, inadequate water supplies, or any unusual reasons. As we read and interpret the quoted provisions of the current agreement, the guaranteed minimum number of days (180 or 170, as the case may be) is not to be reduced for so-called 'snow days'. However, at the hearing, the representative of the CSEA did not question the fact that the employees involved had been paid for this guaranteed minimum number of days during the school year in question. On the contrary, the sole argument advanced was to the effect that the applicable provisions of the agreement should be interpreted to guarantee payment for 'snow days' without regard to the total number of days paid in the given year. It is the further opinion of the Board that this is not the obvious meaning and interpretation of these provisions and that, accordingly, the grievance is without merit, and the redress sought by the aggrieved parties must be denied." On or about March 12, 1979, this proceeding, pursuant to CPLR article 78, was commenced. Special Term determined that the determination of the board of education was arbitrary and capricious and should be reversed, stating: "The court is unable to agree with Respondent's interpretation of the agreement. Each of the pertinent paragraphs provides, ' "Snow days" will be included in the one hundred eighty (180) days.' Nowhere in the agreement is it stated that 'snow days'

will only be included if the guaranteed minimum number of days is not otherwise reached. * * * Clearly, the intent of the agreement was that any 'snow days' would be included in the guaranteed minimum number of days of 180 or 170. Any days beyond the aforesaid minimum would be paid on a per diem basis. Respondent's argument that snow days are not to be counted if the guaranteed number of days is otherwise reached is untenable for the reason that 'snow days' must automatically be counted in the minimum number of days. Thus it was error to exclude 'snow days' in determining petitioner's wages." The employment contract in one sentence provides that the employees "are assured of payment for 180 days, which includes the agreed paid holidays". Another sentence provides that "Snow days will be included in the 180 days". Nothing in the contract indicates that the employee is entitled to pay for more than 180 days if he did not actually work more than 180 days. When payment for various contingencies is authorized by specific contract provisions, the absence of such a specific contract provision for another contingency must mean that the contract intended for payment not to be made upon the occurrence of that contingency. The contested clause specifically says that payment for a minimum 180 days is assured. Payment for the designated paid holidays is assured. Payment for days actually worked in excess of 180 is specifically authorized. It is evident that the parties intended to spell out every circumstance in which the employee is required to be paid. The sentence saying that snow days "will be included in the [180] days", operates merely to add snow days to the number of days actually worked by an employee only if needed to bring that number up to the assured minimum. Since the contract fails to provide explicitly that employees are to be paid for every snow day, it is clear that they are not to be paid for such days after the minimum has been reached. The judgment of Special Term should be reversed. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.